**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**KEVIN FAYARD and MALINDA FAYARD**            **PLAINTIFFS**

**V.**            **CIVIL ACTION NO.:** __1:22cv159 HSO-RPM__

**STATE FARM FIRE AND CASUALTY
COMPANY**            **DEFENDANT**

<u>**NOTICE OF REMOVAL**</u>

TO:    Honorable Judges of the United States District Court for the Southern District of Mississippi, Southern Division

      **COMES NOW,** the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY** (hereinafter "State Farm"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441, and 1446 and would respectfully show this Court as follows, to wit:

**I.**

      Plaintiffs filed their Complaint against the Defendant on May 24, 2022, in the Circuit Court of Jackson County, Mississippi, said action being designated as *Kevin Fayard and Malinda Fayard vs. State Farm Fire and Casualty Company, Cause No.: 22-98(1)* (hereinafter referred to as the "State Court Action").

**II.**

      State Farm was served with the Summons and Complaint on June 2, 2022. A copy of the Complaint filed in the Circuit Court of Jackson County, Mississippi, is attached hereto as Exhibit "A" pursuant to 28 U.S.C. § 1446.

**III.**

      Pursuant to 28 U.S.C. § 1446(b), the Defendant files this Notice of Removal within thirty (30) days of being served with Plaintiffs' original Complaint in the State Court Action, which

was the first pleading received by the Defendant, through service of process or otherwise, setting forth the claim for relief upon which such action is based, and reserves all of its defenses, including those defenses contained in Rule 12 of the Federal Rules of Civil Procedure.

**IV.**

The case is removed less than one (1) year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(b).

**PARTIES**

**V.**

In their Complaint, the Plaintiffs plead that they are persons of majority domiciled in the State of Mississippi. Pleading that one is domiciled in a particular state sufficiently alleges citizenship in satisfaction of 28 U.S.C. §1332(a). *See, e.g., MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (recognizing that an individual's citizenship means domicile—"For individuals, 'citizenship has the same meaning as domicile,….'" *citing Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

**VI.**

Defendant State Farm is now and has at all relevant times been a corporation organized and existing under the laws of the State of Illinois and having its principal place of business in the State of Illinois.

**DIVERSITY OF CITIZENSHIP**

**VII.**

This Court has subject matter jurisdiction of this controversy pursuant to 28 U.S.C. §1332. As required by the first prong of the jurisdictional statute, there is complete diversity of citizenship between the *properly* joined parties. 28 U.S.C. § 1332(a)(1). As

articulated above, the Plaintiffs are citizens of the State of Mississippi and State Farm is a citizen of the State of Illinois.

## AMOUNT IN CONTROVERSY

### IX.

The second prong of 28 U.S.C. § 1332 is also met as the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Plaintiffs assert that they suffered "significant damage" to their insured property as a direct and proximate result of Hurricane Zeta in Jackson County, Mississippi, on October 28, 2020. *See* Exhibit "A" at ¶VII on p. 2. Plaintiffs further allege that their windstorm-related damages which they contend are covered by the homeowners insurance policy issued to them by State Farm are $70,731.19 to the dwelling and $7,923.00 for other structures as of July 13, 2021. *Id.* at ¶XIII on p. 3. Additionally, they assert that they will incur additional expenses in repairing their property as a result of State Farm's alleged failure to "timely compensate them." *Id.* at ¶XXVIII on p. 5. They also allege that they have incurred consequential damages in the nature of the expense of retaining counsel and other expenses to prosecute their claim. *Id.* at ¶XXIII on p. 4. Lastly, they claim that State Farm acted in bad faith in the handling of their claim which caused them to not only suffer monetary loss but also damages for emotional distress, mental anguish, and "other damages." *Id.* at ¶XLII on p. 8. In their *ad damnum*, the Plaintiffs seek, in addition to the aforementioned various damages, recovery of other incidental costs such expert witness fees, attorneys fees, and legal expenses.

### X.

Given the nature and extent of Plaintiffs' allegations regarding compensatory damages in the amount of $78,654.19 plus the alleged incurrence of additional repair costs in an unknown amount above that sum as well other extracontractual damages, the "matter in controversy"

clearly exceeds the $75,000 jurisdictional limit of this Court. *Chambley v. Employers Ins. of Wassau*, 11 F.Supp.2d 693, 695 (S.D. Miss. 1998) ("Juries in Mississippi frequently award damages (**compensatory** and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits") (emphasis added). *See also Montgomery v. First Family Financial Servs., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) ("The court is of the opinion in the case at bar that it is facially apparent from plaintiffs' complaint that the amount in controversy exceeds $75,000, given the nature of plaintiffs' claims and the fact of plaintiffs' demand for punitive damages (**and accompanying attorney's fees and prejudgment interest**) ….") (emphasis added). While Plaintiffs do not seek punitive damages in their complaint, they do seek a variety of extracontractual damages including, *inter alia*, damages for mental anguish and emotional distress, bad faith "penalties," as well as attorneys fees. If Plaintiffs can prove that State Farm lacked a legitimate and arguable basis for its conduct in the handling of their claim as they assert arising from alleged bad faith, then those types of damages would be potentially recoverable, and those damages, if awarded, would likely reasonably exceed the jurisdictional minimum of this Court when added to the claimed damage to the property itself alleged to be $53,605.95 plus the alleged additional repair costs. *See e.g. Universal Life Ins. Co. v. Veasley*, 610 So.2d 290, 295 (Miss. 1992) (mental anguish damages and attorneys fees permitted on showing of gross negligence or malice even though acts do not rise to the level of warranting punitive damages); *United Services Auto. Ass'n (USAA) v. Lisanby*, 47 So.3d 1172, 1178, ¶18 (Miss. 2010). As such, State Farm submits that combination of damages claimed and the causes of action asserted bring the "matter in controversy" to and above the $75,000 jurisdictional minimum threshold of this Court.

## CONCLUSION

### XI.

This action is removable pursuant to 28 U.S.C. §1441(a) and §1446(b), as amended, and written notice of the filing of this Notice of Removal and copies of all process, pleadings, and orders will be served upon Plaintiffs' counsel as required by law. A complete copy of the State Court record is attached hereto as Exhibit "B."

### XII.

Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy this Notice as an exhibit thereto, will be filed with the Circuit Clerk of Harrison County, Mississippi, Second Judicial District.

**WHEREFORE, PREMISES CONSIDERED**, this Defendant, STATE FARM FIRE AND CASUALTY COMPANY, respectfully submits this Notice of Removal from the Circuit Court of Harrison County, Mississippi, Second Judicial District, to the United States District Court for the Southern District of Mississippi, Southern Division. The Defendant further requests any additional relief to which it may be entitled.

DATED:  June 28, 2022.

>Respectfully submitted,
>
>BRYAN, NELSON, SCHROEDER,
>CASTIGLIOLA & BANAHAN, PLLC
>Attorneys for Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**
>
>BY: s/H. Benjamin Mullen
>     **H. BENJAMIN MULLEN (MSB 9077)**
>     **CALEN J. WILLS (MSB 104271)**

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**

1103 Jackson Avenue
Post Office Drawer 1529
Pascagoula, MS 39568-1529 (Post Office Box)
Telephone No.:  (228) 762-6631
Fax No.:  (228)769-6392
Email:  ben@bnscb.com
            calen@bnscb.com

**CERTIFICATE OF SERVICE**

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, do hereby certify that I have this date mailed, postage prepaid, a true and correct copy of the foregoing Notice of Removal to:

    Lindsey A. Topp, Esq.
    HAIR SHUNNARAH TRIAL ATTORNEYS
    3540 S. I-10 Service RoadWest, Suite 300
    Metairie, LA  70001
    Attorney for Plaintiffs

    **DATED**:  June 28, 2022.

                                                            s/H. Benjamin Mullen
                                                            **H. BENJAMIN MULLEN (MSB 9077)**

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**

1103 Jackson Avenue
Post Office Drawer 1529
Pascagoula, MS 39568-1529 (Post Office Box)
Telephone No.:  (228) 762-6631
Fax No.:  (228)769-6392
Email:  calen@bnscb.com